UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| ADAM R. SWANSON, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | )  Case No. 2:06-cv-0093 |
| | ) |
| DAVID LEN NIMS and | ) |
| CRETE CARRIER CORPORATION, | ) |
| | ) |
| Defendants | ) |

OPINION AND ORDER

This matter is before the court on the Motion to Compel the plaintiff, Adam Swanson, to attend his own deposition (DE 33) filed by the defendants on July 28, 2008, and the plaintiff's Motion for Protective Order to prevent the deposition (DE 36) filed on August 7, 2008. While these motions were pending, plaintiff sought the court's leave to Amend/Correct Complaint and/or Substitute a representative for the named plaintiff (DE 42) filed October 5, 2008. For the reasons set forth below, the Motion to Compel is **DENIED**, the Motion for Protective Order is **GRANTED**, and the motion for leave to appoint a representative for plaintiff is **GRANTED.**

Background

The claims of the plaintiff, Adam Swanson, arise out of a motor vehicle collision occurring on March 25, 2004, in Lake County, Indiana. Swanson alleges the defendant, David Nims, was negligent in operating a semi truck owned by the defendant, Crete Carrier Corporation. Swanson alleges that Nims' truck struck his

vehicle and that Nims' negligence was the direct and proximate cause of the accident and his injuries.

Swanson now resides in Tennessee with his parents. He is unable to live independently due to his significant physical and mental injuries. (Pltf. Resp. Ex. B, p. 5) Specifically, he is a paraplegic and confined to a wheelchair.[1] (Pltf. Resp. pp. 1-2; Pltf. Resp. Ex. A & B) Additionally, Swanson has significant neuro-cognitive impairments, post-traumatic amnesia, and severe traumatic brain injury. (Pltf. Resp. Ex. A) On August 13, 2008, the Chancery Court for Chester County, Tennessee, appointed Swanson's mother, Sheila Swanson, Conservator of the Property and Person of Adam Swanson.

These discovery disputes involve the deposition of Swanson. The defendants have attempted to schedule the deposition of Swanson, and his representatives claim that he is not competent to testify at the deposition or at trial. While these motions were pending, Swanson sought leave to amend the complaint under Federal Rule of Civil Procedure 17(c)(2) to substitute Sheila Swanson as his appointed representative in this action.

## Discussion

A party may "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense" includ-ing . . . the identity and location of persons who know of any

---

[1] The record is inconsistent about the specific extent of plaintiff's physical injuries. Plaintiff's Response states plaintiff is a paraplegic. (Pltf. Resp. p. 2) However, medical records indicate plaintiff is a quadriplegic. (Pltf. Resp. Ex. B, p. 2) Despite the inconsistency, the record clearly demonstrates plaintiff has suffered a significant physical impairment.

discoverable matter."  Federal Rule of Civil Procedure 26(b)(1).
"For good cause, the court may order discovery of any matter
relevant to the subject matter involved in the action.  Relevant
information need not be admissible at trial if the discovery
appears reasonably calculated to lead to the discovery of admis-
sible evidence."  Rule 26(b)(1).  For discovery purposes, rele-
vancy is construed broadly to encompass "any matter that bears
on, or that reasonably could lead to other matter[s] that could
bear on, any issue that is or may be in the case."  *Chavez v.
Daimler Chrysler Corp.*, 206 F.R.D. 615, 619 (S.D. Ind. 2002)
(*quoting* *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, 98
S.Ct. 2380, 2389, 57 L.Ed.2d 253 (1978)).  Even when information
is not directly related to the claims or defenses identified in
the pleadings, the information still may be relevant to the
broader subject matter at hand and meet the rule's good cause
standard.  *Sanyo Laser Prods., Inc. v. Arista Records, Inc.*, 214
F.R.D. 496, 502 (S.D. Ind. 2003).  *See* *Adams v. Target*, 2001 WL
987853 at *1 (S.D. Ind. 2001) ("For good cause, the court may
order discovery of any matter relevant to the subject matter
involved in the action.").  *See also* *Shapo v. Engle*, 2001 WL
629303 at *2 (N.D. Ill. May 25, 2001) ("Discovery is a search for
the truth.").

A party may seek an order to compel discovery when an
opposing party fails to respond to discovery requests or has
provided evasive or incomplete responses.  Federal Rule of Civil
Procedure 37(a)(2)-(3).  The burden "rests upon the objecting

party to show why a particular discovery request is improper." *Kodish v. Oakbrook Terrace Fire Protection Dist.*, 235 F.R.D. 447, 449-50 (N.D. Ill. 2006). The objecting party must show with specificity that the request is improper. *Graham v. Casey's General Stores*, 206 F.R.D. 253, 254 (S.D. Ind. 2002). That burden cannot be met by "a reflexive invocation of the same baseless, often abused litany that the requested discovery is vague, ambiguous, overly broad, unduly burdensome or that it is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence." *Burkybile v. Mitsubishi Motors Corp.*, 2006 WL 2325506 at *6 (N.D. Ill. Aug. 2, 2006) (internal quotations and citations omitted). Rather, the court has broad discretion in deciding such discovery matters and should consider "the totality of the circumstances, weighing the value of material sought against the burden of providing it, and taking into account society's interest in furthering the truth-seeking function in the particular case before the court." *Patterson v. Avery Dennison Corp.*, 281 F.3d 676, 681 (7th Cir. 2002) (*quoting Rowlin v. Alabama*, 200 F.R.D. 459, 461 (M.D. Ala. 2001)).

However, discovery "has ultimate and necessary boundaries." *Oppenheimer Fund*, 437 U.S. at 351, 98 S.Ct. at 2389 (quotation omitted). Though broad in scope, Rule 26 does not stretch to encompass "discovery of matter not reasonably calculated to lead to the discovery of admissible evidence." *Oppenheimer Fund,* 437 U.S. at 351-52, 98 S.Ct. at 2389-90.

Defendants argue that the deposition of Swanson is necessary to develop the facts surrounding the accident and to determine his medical status.  However, defendants' arguments are misplaced because plaintiff's deposition is not reasonably likely to lead to the discovery of admissible evidence.  Swanson has no recollection of the accident and was diagnosed with post-traumatic amnesia.  Most compelling, Swanson has been appointed a conservator of his person and property by a Tennessee court because of his mental incompetence.  Therefore, Swanson's mental impairments will not produce discoverable evidence as to his recollection of the accident or his medical status.  Defendants already have the information they are seeking to discover, and any additional discovery may be conducted through less oppressive means.

Specifically, the medical evaluations indicate Swanson remained unconscious for three months following the accident and suffered from post-traumatic amnesia.  The records state Swanson has no recollection of the accident and is unable to provide any reliable information about it.  Therefore, any questions concerning his knowledge of the accident would not be productive.

As to Swanson's injuries and damages, Plaintiff's Response Exhibits A and B give detailed reports of plaintiff's medical condition from the time of the accident through the present.  These medical records set out in extensive detail the tests, evaluations, and diagnosis of Swanson's conditions.  Any information relating to his medical injuries, diagnosis, and treatment have been answered in the medical records.

As to Swanson's daily activities, restrictions, and required care, the medical records also provide detailed information. The records indicate that Swanson depends upon assisted living and resides with his parents in Tennessee. Further, Swanson has been appointed a conservator of his person and property because of his incompetence. Swanson has been in the care of his parents since the accident, and the parents have personal knowledge of his injuries. However, Swanson's mother and father have not been deposed to obtain information about their son's medical conditions and daily activities. Because the truth-seeking purpose of discovery can be served without the burden of deposing an incapacitated plaintiff, the motion to compel plaintiff's deposition is **DENIED.** The motion for protective order raises the same issue, therefore it is **GRANTED.**

By refusing to produce Swanson for a deposition, his representatives are precluding his testimony at trial. If his representatives intend on calling Swanson as a witness at trial, they must produce him for a deposition before the discovery deadline.

Swanson seeks substitution of Sheila Swanson as his representative in interest based upon his incompetency. Federal Rule of Civil Procedure 25 provides for the substitution of parties if a party has died, become incompetent, has transferred his interest, or if a public officer has been succeeded by another. Wright & Miller, 7A *Federal Practice and Procedure* §1951 (1972). If a party becomes incompetent, the court may, on motion, permit the action to be continued by or against the party's representa-

tive. Rule 25(b) Swanson's mother has been appointed as conservator of his person and property in the State of Tennessee. Therefore, for the protection of plaintiff and under the guidance of Rule 25(b), plaintiff is **GRANTED** leave to substitute his conservator to represent him in this action.

_____

For the foregoing reasons, the Motion to Compel filed by the defendants on July 28, 2008, is **DENIED**, the Motion for Protective Order filed by the plaintiff on August 7, 2008, is **GRANTED**, and the Motion to Substitute a Representative filed by the plaintiff on October 5, 2008, is **GRANTED**. Plaintiff may amend the Complaint to reflect his representative.

ENTERED this 5th day of December, 2008.

                                                           s/ ANDREW P. RODOVICH
                                                             United States Magistrate Judge