# United States District Court
# Northern District of Indiana
# Hammond Division

| | | |
|---|---|---|
| SHEILA SWANSON, Conservator of the Estate and Person of Adam Swanson, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 2:06-CV-93 JVB |
| DAVID LEN NIMS and CRETE CARRIER CORP., | ) ) ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

Adams Swanson was injured when his car was struck by the tractor-trailer driven by Defendant David Nims, who was employed by Defendant Crete Carrier Corp. Defendants have moved to exclude certain opinions offered by Plaintiff's experts Nicholas Tumbas, Charles Roush, and Michael Evans (DE 160).

**A.    Background**

Nims was driving northbound in the right lane of Indiana S.R. 51. He traveled through the intersection of S.R. 51 and 37th Avenue in Hobart, Indiana. Swanson's car was about 300 feet north of the intersection, in the driveway of a business on the east side of S.R. 51, preparing to turn left, or southbound, onto S.R. 51. Nims was moving into the left lane as Swanson drove onto the roadway. Swanson's car was in the left lane when the tractor-trailer struck it.

B.  **Legal Standard**

Under Federal Rule of Evidence 702:

> A witness who is qualified as an expert by knowledge, skill, experience, training or education may testify in the form of an opinion or otherwise if:
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert has reliably applied the principles and methods to the facts of the case.

The district court should act as a "gate-keeper" to determine if a purported expert's testimony is reliable and relevant before accepting the witness as an expert. *Winters v. Fru-Con, Inc.*, 498 F.3d 734, 741-742 (7th Cir.2007) (quoting *Autotech Tech. Ltd. P'ship v. Automationdirect.com*, 471 F.3d 745, 749 (7th Cir.2006)). When determining whether an expert is qualified to render an opinion in a given area, the court should consider the expert's full range of practical experience as well as academic or technical training. *United States v. Parra*, 402 F.3d 752, 758 (7th Cir.2005) (quoting Smith v. Ford Motor Co., 215 F.3d 713, 718 (7th Cir.2000)).

B.  **Discussion**

**(1)** *Tumbas's Opinions*

Defendants seek to exclude the following opinions of Nicholas Tumbas, an accident reconstruction expert:

(a)  Nims' transition from right to left lane was not "urgent" as a result of an approaching lane reduction.

(b) Whether Nims executed an evasive maneuver or an intended lane change by transitioning from the right lane into the left lane before the collision.

(c) Nims inappropriately divided his attention between looking ahead and looking to the rear for clearance before the impact.

Defendants contend that because Tombas lacks any education or experience in commercial driving and the operation of a tractor-trailer, these opinions should be excluded. The Court concludes that Tumbas's education, training, and experience as an accident reconstruction expert qualify him to make a determination as to how much time and distance a tractor-trailer driver needs to switch lanes safely. With regard any opinion on whether Nims was intentionally changing lanes or attempting to avoid Swanson when the accident occurred, such an opinion may be objectionable for other reasons, but not because Tumbas lacks training or experience in driving a commercial tractor-trailer. As to Tumbas's purported opinion that Nims inappropriately divided his attention between looking ahead and looking to the rear for clearance, the Court finds no such opinion in the portion of Tumbas's report Defendants cite. Tumbas did state, apparently on the basis of Nims's testimony, that his attention was divided, but did not characterize the behavior as inappropriate. The Court will not exclude the statement.

Defendants also claims that Tumbas's opinions depend on hindsight bias. This is an issue that is best explored at trial on cross-examination.

**(2)** *Roush's Opinions*

Charles D. Roush Jr. is a transportation safety specialist. Defendant seeks to exclude the following opinions:

(a) Had Nims been traveling the speed that he told the investigating officer he was traveling, the impact would not have occurred since Nims could have

stopped his vehicle before striking Swanson.

> (b) Nims's failure to apply the brakes immediately upon identifying Swanson's vehicle directly contributed to the cause of the collision.
>
> (c) Generally, Defendants' omissions and commissions were the precipitating factors leading directly to the cause of the collision.

Defendants claim that these are accident reconstruction opinions which Roush, an experienced truck driver and an expert in motor carrier safety, who has taught semi-tractor driving and classes in driver safety, is not qualified to give. The Court finds that Mr. Roush's experience and training make him competent to testify to the opinions set out in paragraphs (a) and (b) above. The Court will exclude the general conclusion set out in paragraph (c), however, as not helpful to the jury.

Defendants also object to the following of Mr. Roush's statements and opinions:

> (a) A tractor-trailer owned by Crete Carrier Corp. and driven by one of its drivers was involved in a motor vehicle accident on January 25, 2006, in Florida in which people were injured.
>
> (b) Crete Carrier Corp. permitted, encouraged, and/or required its drivers to falsify logbooks and violate DOT regulations. During a safety review, logbook falsifications "resulted in tens of thousands of dollars in civil forfeiture" during an audit by federal regulators.
>
> (c) Nims made $0.41 per mile for every extra mile that he traveled, and his employer earned several times this amount for every extra mile Nims operated.
>
> (d) Crete Carrier Corp. and Nims "operated with a conscious indifference to the safety and welfare of Swanson and the general motoring public."

The Court agrees that the statements and opinions expressed in paragraphs (a), (b), (c) and (d) should be excluded. Evidence regarding another accident involving a different driver, a safety review that did not involve the instant collision, what Defendants earned per mile and the

conclusory statement of Defendants' state of mind regarding safety are of marginal relevance at best and would not be helpful to the jury.

Defendants also maintain that Roush is unqualified to offer opinions related to what it terms medical fatigue. Roush concludes that Defendant Nims was probably fatigued and that his fatigue probably directly contributed to the causes of the collision. The Court agrees that this opinion should be excluded. While Roush has training in driver fatigue and has taught courses on the subject, his conclusion that Nims was fatigued when his truck collided with Swanson's car, made solely on the basis of his review of Nims's logs and the fact that the accident occurred, is not based on sufficient evidence.

**(3)** *Evans's Opinion*

Michael Evans, Ph.D., is a toxicologist. Defendants seek to exclude his opinion that despite a urine drug test performed shortly after the accident that showed the presence of marijuana, "there is no evidence or documentation that Mr. Swanson had used or was under the influence of marijuana at the time of the accident." (Pl. Mot. Exclude Expert Testimony, Ex. C, at 9, DE 160-3 at 9.) It is not for Evans to opine as to the existence or lack of evidence on this point. He may however, testify that such a positive result does not establish conclusively that Swanson had used or was under the influence of marijuana at the time of the collision.

**C.     Conclusion**

Defendant's motion to exclude expert testimony (DE 160) is GRANTED in part and DENIED in part as set out above. Nonetheless, these rulings are preliminary and the parties may

ask the Court to reconsider them as the evidence develops at trial. *See United States v. Connelly*, 874 F.2d 412, 416 (7th Cir. 1989) ("[A] ruling [in limine] is subject to change when the case unfolds, particularly if the actual testimony differs from what was contained in the proffer. Indeed even if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous in limine ruling.") (quoting *Luce v. United States*, 469 U.S. 38, 41 (1984)). Any such requests to reconsider these opinions shall be made at a sidebar.

SO ORDERED on February 27, 2012.

s/ Joseph S. Van Bokkelen  
Joseph S. Van Bokkelen  
United States District Judge